UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| DENHAM HOMES, LLC, | ) | Bankruptcy No. 10-03164 |
| f/k/a Spatz Homes, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM OPINION ON CREDITORS' MOTIONS FOR CHANGE OF VENUE

A venue dispute has arisen in the Chapter 11 bankruptcy case of Denham Homes, LLC ("Denham"). Two Motions for Change of Venue are pending: one filed by Teche Federal Bank ("Teche") and one filed jointly by R.J. Daigle & Sons Contractors, Inc., Barriere Construction Co., L.L.C., and Ram Fab, L.L.C. (collectively, the "Trade Creditors"). Both Teche and the Trade Creditors seek to have this case transferred from the Northern District of Illinois to the Middle District of Louisiana. For reasons stated below, both motions will be denied by separate orders.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. 1334. This matter lies under 28 U.S.C. § 157(a) and (b)(1) and is referred here by the District Court Internal Operating Procedure 15(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), as it is a matter "concerning the administration of the estate."

## BACKGROUND AND UNDISPUTED FACTS

The facts set forth below are taken from the undisputed filings by all parties. No party has requested an opportunity to offer evidence, and Movants have rested on their briefs.

On January 28, 2010, Denham filed its voluntary petition for relief under Chapter 11 of

1

the Bankruptcy Code, title 11 U.S.C. Denham is an Illinois limited liability company whose offices are located in Chicago, Illinois, and whose members and manager are all Illinois residents. Denham is the developer and owner of a partially completed planned development known as Crystal Lakes, which is a 104-acre, 276-lot subdivision located in Denham Springs, Louisiana (the "Property").

To fund the Crystal Lakes project, Denham obtained secured financing of $5.6 million and a line of credit of $1 million from Teche, as well as unsecured credit of $3.3 million from Anderson Associates LP, an affiliate of Denham. Several mechanics liens claims have been made or are anticipated to be made concerning the Property. There is one disputed claim already in litigation, that of R.J. Daigle & Sons Contractors, Inc. ("Daigle"), Denham's general contractor. That is the subject of a pending lawsuit in Louisiana state court.

Denham has made substantial progress towards completing the Crystal Lakes project, which requires approximately $80,000 of additional site work to complete and also Parish approval to begin sale of the developed home sites. Post-petition financing to complete the project was approved by court order on March 5, 2010. An appraisal dated November 3, 2009, estimated that the development would have a value when completed of $8 million and a gross retail value when sold in individual lots of more than $11 million.

Additional undisputed facts are set forth in the Discussion.

## DISCUSSION

### I. The Northern District of Illinois Is a Proper Venue for this Case

As a preliminary matter, venue for this case is proper in the Northern District of Illinois. A debtor may commence a bankruptcy case in the district:

> in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; . . . .

28 U.S.C. § 1408(1) . Denham's principal place of business—its officers, offices, and books and records—are all in Chicago, which is located within the Northern District of Illinois. Therefore, Denham properly chose this District as the venue for its bankruptcy case. The Trade Creditors concede as much, and Teche does not contest this point.

## II. Change of Venue to the Middle District of Louisiana is Not Warranted

"A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also* Fed. R. Bankr. P. 1014(a). "A debtor's choice of forum is entitled to great weight if venue is proper." *In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002). The party seeking the transfer bears the burden of demonstrating by a preponderance of the evidence that venue should be transferred. *In re Island Club Marina, Ltd.*, 26 B.R. 505, 508 (Bankr. N.D. Ill. 1983) (*citing In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1241 (5th Cir. 1979), *cert. denied* 444 U.S. 1045 (1980)).

The ultimate analysis under § 1412 is whether the case can be efficiently and fairly administered in the debtor's chosen forum. *See In re Walston Airbusiness, Inc.*, 26 B.R. 955, 958 (Bankr. N.D. Ill. 1983); *In re Island Club Marina, Ltd.*, 26 B.R. 505, 508 (Bankr. N.D. Ill. 1983). Opinions in cases dealing with this issue usually recite a list of factors to be addressed to help

determine whether transfer would be "in the interests of justice or for the convenience of the parties." Those used in opinions commonly include the location of the creditors, the location of the debtor, the location of necessary witnesses, and the location of the debtor's assets, among suggested factors. *See, e.g., In re B.L. McCandless LP*, 417 B.R. 80, 82–83 (Bankr. N.D. Ill. 2009); *In re Pickwick Place Ltd. P'ship*, 63 B.R. 290, 291–92 (Bankr. N.D. Ill. 1986). Consideration of these factors is beneficial, but only to the extent they bear upon the statutory issue, which essentially deals with the efficiency and fairness of the chosen forum. *See Walston Airbusiness*, 26 B.R. at 958; *Island Club Marina*, 26 B.R. at 508.

Teche and the Trade Creditors make much of the fact that almost all of Denham's creditors are in Louisiana; that potential witnesses in the case will likely be from Louisiana; that the principal asset, the Crystal Lakes development, is in Louisiana; that the case involves Louisiana mechanics lien law; and that there is a suit between Denham and its general contractor, Daigle, pending in Louisiana state court. They also argue that the nature of Denham's proposed Chapter 11 Plan (which has already been filed) weighs in favor of a transfer. None of these factors are persuasive, and it is found and held that this case may be efficiently and fairly administered in the Northern District of Illinois.

First, a claim in any bankruptcy case may be filed by a creditor located anywhere in the world. It is not unusual for a creditor to find itself defending a bankruptcy claim objected to in a court outside of the creditor's home district, state, or country. However, when argument must be heard or evidence taken, modern technology has eased the burden of distant parties to participate in hearings held in Chicago. It is possible for creditors or their counsel to appear by telephone. Similarly, witnesses may give testimony telephonically in routine matters, or if need be by video

conference. Should any hearings involving parties from outside the Northern District of Illinois be necessary in this case, then permission to appear and argue, or testify by telephone or video conference, would likely be given to distant lawyers or witnesses.

Second, the fact that the Crystal Lakes development is in Louisiana does not weigh in favor of a transfer. The Debtor presently has no day-to-day site operations, except for the additional site work necessary to complete the development and obtain Parish approval. Such is all that is required before sale of the developed home sites may begin. Administration of the property itself will not be required of any bankruptcy judge, whether in Illinois or Louisiana; local agents of Debtor will arrange for selling and physical operations. Indeed, while Denham will eventually need to hire a sales agent in Louisiana, Denham will continue to make all business decisions, including sale approvals, in Chicago.

Third, the pending lawsuit between Daigle and the Debtor and the possibility that Louisiana mechanics lien law will be at issue in lien disputes do not weigh in favor of a transfer. It is common, upon a proper motion to modify the stay, to permit parties to continue litigation in pending lawsuits in which state judges have invested judicial work, and to allow all mechanics lien foreclosures to be decided in state court, whether in Illinois, Louisiana, or elsewhere. Debtor's counsel has indicated an expectation to pursue all litigation of that sort in Louisiana state courts. Those litigants would then return here only when a creditor seeks to enforce any judgment it obtains against the debtor. When such suits are litigated before state court judges with intimate knowledge of the relevant facts or law, the bankruptcy judge can focus more on issues directly concerning the debtor's estate, thereby improving the fairness and efficiency of the bankruptcy proceeding.

Finally, Denham's proposed Chapter 11 Plan does not weigh in favor of a transfer. In that Plan, Denham proposes to sell off individual lots in the Crystal Lakes development, using funds thereby generated to pay back its creditors over time. Teche and the Trade Creditors raise a number of potential objections to the feasibility of the proposed plan, arguing that each issue would require testimony by witnesses located in Louisiana. The Movants have not demonstrated that such evidentiary hearings will in fact be necessary, but even if evidentiary hearings in Chicago are necessary, witnesses from Louisiana may elect to testify telephonically or by video conference. Indeed, if the dollar consequences are great, it would not be an unusual burden to expect parties to bring in their witnesses for trial.

Teche also argues that Denham's proposed bond sale under the Chapter 11 Plan will be governed by Louisiana law, and therefore the feasibility of such sale is more efficiently analyzed by a Louisiana bankruptcy judge. However, Louisiana law governs only the procedure for the bond sale. Whether such a sale is an appropriate part of a Chapter 11 plan is a different issue, and the feasibility of a bond sale to fund a bankruptcy plan should be within the experience of a bankruptcy judge here or elsewhere.

## CONCLUSION

For the foregoing reasons, and by separate orders, the Motions of Teche and the Trade Creditors for a Change of Venue will be denied.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _12th_ day of April, 2010.