IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**Denham Homes, LLC,**<br><br>                    Debtor. | Chapter 11<br><br>Case No. 10 B 03164<br><br>Hon. Jack B. Schmetterer |

### NOTICE OF MOTION

**To:**   See attached service list

PLEASE TAKE NOTICE that on Thursday, September 8, 2011, at 10:30 a.m., we will appear before the Honorable Jack B. Schmetterer, Courtroom 682, Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present our **FINAL APPLICATION FOR COMPENSATION AND REQUEST FOR REIMBURSEMENT OF EXPENSES OF LAKELAW, ATTORNEYS FOR THE DEBTOR**, a copy of which is attached hereto and served upon you herewith.

|  |  |
|---|---|
| Dated: August 18, 2011. | **DENHAM HOMES, LLC**<br>By:  */s/ Jonathan T. Brand*<br>        Jonathan T. Brand |

Jonathan T. Brand (ARDC # 6294885)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

### CERTIFICATE OF SERVICE

On August 18, 2011, the undersigned, certifies, that on this date, she caused a copy of **Final Application for Compensation and Request for Reimbursement of Expenses of Lakelaw, Attorneys for the Debtor** to be served upon each person shown on the attached Service List, by United States Mail, with postage prepaid, at Chicago, Illinois. Those marked with an * were served via CM/ECF, the Court's electronic notification system.

                                        */s/ Laura Deger*
                                        Laura Deger, Paralegal

## SERVICE LIST – DENHAM HOMES

|  | Email Address | Method of Delivery |
|---|---|---|
| *Patrick S Layng<br>Office of the U.S. Trustee<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60604-1702 | USTPRegion11.ES.ECF@usdoj.gov | Court ECF notice and US Mail |
| *William E. Steffes<br>Steffes, Vingiello, & Mckenzie, LLC<br>13702 Coursey Blvd.<br>Building 3<br>Baton Rouge, LA 70817 |  | Court ECF notice and US Mail |
| *Grayson T. Walter<br>Proskauer Rose LLP<br>Three First National Plaza<br>70 West Madison St., Suite 3800<br>Chicago, IL 60602 | gwalter@proskauer.com | Court ECF notice and US Mail |
| *Francis X. Buckley<br>Thompson Coburn, LLP<br>55 East Monroe Street<br>Chicago, IL 60603-6029 | Fxbuckleyjr@thompsoncoburn.com | Court ECF notice and US Mail |
| *Jon Ann H Giblin<br>McGlinchey Stafford PLLC<br>One American Place,<br>14th Floor<br>Baton Rouge, LA 70825 | jgiblin@mcGlinchey.com | Court ECF notice and US Mail |
| Denham Homes, LLC<br>Attn: William Spatz<br>14 N. Peoria St.<br>Unit 3F<br>Chicago, IL 60607-2646 |  | U.S. Mail |
| DME Construction<br>Attn: Doyle Michael Philippe<br>39065 Highway 74<br>Gonzales, LA 70737 |  | U.S. Mail |
| GRC Construction<br>Attn: James B. Clark<br>37796 Highway 16<br>Denham Springs, LA 70706 |  | U.S. Mail |
| Hartley Construction<br>Attn: Gene A. Hartley<br>13394 Devall Road<br>Baton Rouge, LA 70818-1601 |  | U.S. Mail |

|  | Email Address | Method of Delivery |
|---|---|---|
| Kenny Lindsey Construction<br>Attn: Kenneth Lindsey, Sr.<br>9600 Hunter Brook Lane<br>Denham Springs, LA 70706 |  | U.S. Mail |
| Sara Hall D/B/A Griggs Construction<br>2520 Metairie Lawn<br>Metairie, LA 70002 |  | U.S. Mail |
| Alvin Fairburn & Associates<br>Attn: Alvin Fairburn<br>1289 Del Este Avenue<br>Denham Springs, LA 70726 |  | U.S. Mail |
| Anderson Associates LP<br>Attn: Wendy Spatz<br>14 N. Peoria Street, Unit 3F<br>Chicago, IL 60607 |  | U.S. Mail |
| Baton Rouge Turf & Landscape, Inc.<br>Attn: David Simpson<br>16644 S. Harrells Ferry Road<br>Baton Rouge, LA 70816-3511 |  | U.S. Mail |
| Hunter's Landscape & Maintenance<br>Attn: Glen D. Hunter<br>37348 Cornerview Street<br>Geismar, LA 70734 |  | U.S. Mail |
| South Central Bank N.A<br>Attn: Marc B. Grayson<br>525 W. Roosevelt Road<br>Chicago, IL 60607 |  | U.S. Mail |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>**DENHAM HOMES, LLC**<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-03164<br><br>Hon. Jack B. Schmetterer |

**FINAL APPLICATION FOR COMPENSATION AND REQUEST FOR
REIMBURSEMENT OF EXPENSES OF LAKELAW AS
<u>ATTORNEYS FOR THE DEBTOR</u>**

Law Offices of David P. Leibowitz, LLC d/b/a Lakelaw ("<u>Lakelaw</u>"), as attorneys for DENHAM HOMES, LLC ("<u>Debtor</u>") apply to this Honorable Court for an order approving the payment of interim fees of $12,452.50 and expenses in the amount of $77.00 pursuant to Section 330(a) of Title 11, United States Code ("<u>Bankruptcy Code</u>") and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), and final fees of $78,095.00 and expenses in the amount of $1,175.93, and in support thereof state as follows:

## I.    *FACTUAL AND PROCEDURAL BACKGROUND*

1.    On January 28, 2010, the Debtor commenced the instant proceeding by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.    The retention of Lakelaw as attorneys for the Debtor was approved on November 15, 2010. *See* Docket No. 176.

3.    On November 23, 2010, Lakelaw received court authorization for interim compensation on a monthly basis ("<u>Interim Compensation Order</u>").  *See* Docket No. 193.

4.    So long as Lakelaw complied with the Interim Compensation Order, 80% of the fees and 100% of the expenses earned or incurred by Lakelaw during any given month may be disbursed to Lakelaw, if no party in interest files an objection to such fees.

4

5. Lakelaw filed the following statements ("<u>Interim Statement</u>") for interim compensation and expense reimbursement on December 6, 2010 (Docket No. 197), January 18, 2011 (Docket No. 256), and February 14, 2011 (Docket No. 275).

6. The Interim Statement filed on December 6, 2010 covered the period November 5, 2010 through November 30, 2010. *See* Docket No. 197. No party in interest filed an objection to the November Interim Statement and a Certificate of No Objection was filed on December 17, 2010. *See* Docket No. 205. The total amount of services provided to the Debtor by Lakelaw during this period was $15,565.00 in fees and $148.63 in expenses. A copy of the Interim Statement filed on December 6, 2010 is attached hereto, and incorporated herein by reference, as **Exhibit A**.

7. Pursuant to the Interim Compensation Order, Lakelaw was reimbursed $12,452.00, or 80% of its fees, and $148.63 in expenses. To date, Lakelaw has not been compensated for $3,113.00, or 20% of its fees for work performed during November 2010.

8. The Interim Statement filed on January 18, 2011 covered the period December 1, 2010 through December 31, 2010. *See* Docket No. 256. No party in interest filed an objection to the November Interim Statement and a Certificate of No Objection was filed on January 31, 2011. *See* Docket No. 266. The total amount of services provided by Lakelaw during this period was $35,852.50 in fees and Lakelaw incurred $322.15 in expenses. A copy of the Interim Statement filed on January 18, 2011 is attached hereto, and incorporated herein by reference, as **Exhibit B**.

9. Pursuant to the Interim Compensation Order, Lakelaw was reimbursed for $28,682.00, or 80% of its fees, and $322.15 in expenses. Lakelaw has not been compensated for $7,170.50, or 20% of its fees, for work performed during December 2010.

10. The Interim Statement filed on February 14, 2011 covered the period January 1, 2011 through January 30, 2011. *See* Docket No. 275. No party in interest filed an objection to the November Interim Statement and a Certificate of No Objection was filed on January 31, 2011. *See*

5

Docket No. 281. A copy of the Interim Statement filed on February 14, 2011 is attached hereto, and incorporated herein by reference, as **Exhibit C**.

11. During this period Lakelaw provided a total amount of $14,225.00 in services and incurred $628.15 in expenses. Pursuant to the Interim Compensation Order, Lakelaw was reimbursed for $11,380.00, or 80% of its fees, and $628.15 in expenses. Lakelaw has not been compensated for $2,845.00, or 20% of its fees for work performed during January 2011.

12. The total amount due to Lakelaw from the twenty percent (20%) holdback is $13,128.50.

### II. SUMMARY OF INTERIM FEES INCURRED IN CONNECTION WITH THE INTERIM REPORTS

13. From November 5, 2010 through January 31, 2011, Lakelaw provided an exceptional level of service to the Debtor in this case. Lakelaw stepped in as substitute counsel, ensured the Debtor complied with the Court's pretrial order, secured witnesses, arranged for video teleconference testimony during the course of the contested confirmation hearing, represented the Debtor in an approximate 10-day contested confirmation hearing, and moved negotiations forward with the Debtor's secured creditor, Teche Federal Bank.

14. From November 5, 2010 through January 31, 2011, Lakelaw rendered in excess of 189.20 hours of legal and paraprofessional services to the Debtor for an aggregate value of $65,642.50, for an average or blended hourly rate of $337.50. All of the services for which final compensation is requested were services that, in Lakelaw's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. Detailed billing information for the services rendered during this period are attached hereto in **Exhibit A**, **Exhibit B**, and **Exhibit C**.

15. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Lakelaw's services during the period of

November 5, 2010 through January 31, 2011, and in compliance with Local Bankruptcy Rule 5082-1, Lakelaw has classified its services into five (5) separate categories of services.

  16. The categories of service provide are as follows:

    1.01 - Asset Analysis & Discovery
    1.04 - Case Administration
    1.07 - Fee/Employment Applications
    1.10 - Litigation
    1.12 - Plan & Disclosure Statement

  17. The individual categories of service provide the following information related to the services performed by Lakelaw: (a) detailed descriptions of all services rendered in each of the above categories; (b) the timekeeper, date, and amount of time expended in each category; and (c) summary charts for each category setting forth each professional who rendered services, total time, and value of services and the total dollar value.

  18. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| NAME OF PROFESSIONAL PERSON | POSITION | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| BRAND, J. | ASSOCIATE | *$350.00 -$375.00 | 139.50 | $49,670.00 |
| FRIEDMAN, D. | PARALEGAL | *$150.00 -$175.00 | 27.60 | $4,170.00 |
| GARCIA, M. | PARALEGAL | $175.00 | 0.20 | $35.00 |
| LEIBOWITZ, D. | MEMBER/PRINCIPAL | $625.00 | 15.90 | $9,937.50 |
| SIMON, J. | OF COUNSEL | *$350.00-$375.00 | 6.0 | $1,830.00 |
| **GRAND TOTAL** | | | **189.20** | **$65,642.50** |
| **BLENDED RATE** | | | | **$337.50** |

*Billing rate increased by $25.00 per hour as of January 1, 2011.

### III.   INTERIM FEES SOUGHT BY LAKELAW FOR THE PERIOD OF FEBRUARY 1, 2011 THROUGH AUGUST 17, 2011

19. From February 1, 2011 through August 18, 2011 ("Fourth Application Period"), Lakelaw rendered in excess of 38.10 hours of legal and paraprofessional services to the Debtor having an aggregate value of $12,452.50 for an average hourly rate of approximately $225.00. Lakelaw has provided professional services to the Debtor with respect to the general administration of the Debtor's business. All of the services for which compensation is requested were services that, in Lakelaw's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

20. The services provided by Lakelaw during the Fourth Application Period are outlined in **Exhibit D** attached hereto and incorporated herein by reference.

21. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Lakelaw's services during the Fourth Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Lakelaw has classified its services into four (4) separate categories of services. Detailed invoices for each category are found in separate appendices in **Exhibit D**.

22. The appendices include: (a) detailed descriptions of all services rendered in each of the above categories; (b) the timekeeper, date, and amount of time expended in each category; and (c) summary charts for each category setting forth each professional who rendered services, total time, and value of services and the total dollar value.

23. The following is a general description of the tasks performed in each of Lakelaw's principal categories of activities:

| PHASE CODE | PHASE NAME | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| 1.04 | CASE ADMINISTRATION | 1.30 | $487.50 |
| 1.07 | FEE/EMPLOYMENT APPLICATION | 3.50 | $752.50 |
| 1.12 | PLAN & DISCLOSURE STATEMENT | 33.30 | $11,212.50 |
| GRAND TOTAL | | 38.10 | $12,452.50 |

- **1 – Case Administration:** (Fees $487.50/Total Hours Worked 1.30) Services including, but not limited to, general case administration, including, among other things, corresponding to Teche Federal Bank's counsel and the Debtor.

- **2 – Fee/Employment Applications:** (Fees $752.50/Total Hours Worked 3.50) Services including, but not limited to, reviewing Lakelaw's billing for the month of January 2011, preparing and filing an interim fee application, and filing a certificate of no objection with regards to the interim fee application.

- **3 – Plan and Disclosure Statement:** (Fees $11,212.50/Total Hours Worked 33.30) Services including, but not limited to, settling outstanding disputes with the Debtor's principal creditor, Teche Federal Bank, confirming the Debtor's Fourth Amended Chapter 11 Plan of Reorganization, reaching a just settlement, preserving all rights, with the Debtor's largest unsecured creditor, Daigle & Sons, Inc.

### IV.    SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

24.    In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| NAME OF PROFESSIONAL PERSON | POSITION | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| BRAND, J. | ASSOCIATE | $375.00 | 30.20 | $11,325.00 |
| DEGER, L. | PARALEGAL | $125.00 | 5.10 | $637.50 |
| GARCIA, M. | PARALEGAL | $175.00 | 2.80 | $490.00 |
| **GRAND TOTAL** | | | 38.10 | $12,452.50 |
| **BLENDED RATE** | | | | $225.00 |

25. The fair market value of services rendered by Lakelaw, attorneys for Debtor, based upon skill, the nature of the services rendered and the usual customary fees charged by Lakelaw for services of this type is $12,452.50. As mentioned above, Lakelaw is seeking final approval of its fees in this case, and approving the disbursement of $13,128.50, or the 20% holdback from the monthly Interim Reports filed for November 2010, December 2010, and January 2011.

26. Lakelaw has further incurred expenses related to the instant matter in the amount of $77.00.

27. The above-described fees and expenses are sought to be allowed and paid to Lakelaw by Debtor.

### V. *NOTICE*

28. Notice of this Application has been given to: (a) the Office of the United States Trustee for this District; (b) creditors holding the largest unsecured claims against the Debtor on a consolidated basis as identified in the Debtor's petitions, or their legal counsel (if known); and (c) to the Debtor's prepetition secured lender and their respective counsel (to the extent known). Thus, the Debtor provided parties in interest with proper notice of this Motion.

29. As Lakelaw is seeking compensation from the estate in excess of $1,000.00, Bankruptcy Rule 2002(a)(6) applies. Parties in interest are receiving notice twenty-one (21) days in

Case 10-03164   Doc 329   Filed 08/18/11   Entered 08/18/11 16:40:02   Desc Main
          Document      Page 11 of 11

advance of the scheduled hearing. Without compensation for its times and resources, Lakelaw would be unable to serve the Debtor. Therefore, Lakelaw submits that the notice provided is both reasonable and appropriate under the circumstances and the Bankruptcy Rules.

**WHEREFORE**, Law Offices of David P. Leibowitz, LLC d/b/a Lakelaw respectfully requests that this Honorable Court enter an Order:

A. Determining that the legal services and fees incurred by Lakelaw were necessary and reasonable in connection with representing the Debtor in the above-captioned bankruptcy case;

B. Allowing compensation in the amount of $12,452.50 for the period of February 1, 2011 through August 18, 2011;

C. Allowing the Debtor to reimburse Lakelaw for $77.00 in expenses incurred during the period of February 1, 2011 through August 18, 2011;

D. Allowing final compensation in the total amount of $78,095.00 and reimbursement of expenses in the total amount of $1,175.93; and

E. Granting such other and further relief as this Court may deem just and proper.

Dated: August 18, 2011                                        Respectfully Submitted,

                                                              **DENHAM HOMES, LLC**

                                                              By:     /s/ Jonathan T. Brand
                                                                    One of the Debtor's Attorneys

Jonathan T. Brand (ARDC # 6294885)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100